# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDREA DODASOVICH** and **CHRISTINE MCKELVEY**, | |
| Plaintiffs, | Civil Action No. 14-0621 |
| v. | Hon. Arthur J. Schwab |
| **ALLEGHENY COUNTY, PENNSYLVANIA**, **COURT OF COMMON PLEAS OF ALLEGHENY COUNTY** and **CLAIRE CAPRISTO**, | |
| Defendants. | |

## AMENDED COMPLAINT AND JURY DEMAND

Plaintiffs Andrea Dodasovich and Christine McKelvey, by their undersigned counsel, complain as follows against Defendants Allegheny County, Pennsylvania, the Court of Common Pleas of Allegheny County and Claire Capristo:

### *Introduction*

1. Plaintiffs are female employees of Defendant Allegheny County, Pennsylvania (the "County") and/or Defendant the Court of Common Pleas of Allegheny County (the "Court").

2. Since at least 2005 the County and/or the Court has/have paid Plaintiffs substantially less than it/they pay[s] to a male employee performing equal work, requiring equal skill, effort and responsibility, under similar working conditions.

3. Before filing this lawsuit, Plaintiffs repeatedly attempted to resolve the unlawful pay discrimination through internal dialogue with Defendants. Unfortunately, despite

acknowledging the pay disparity, and despite acknowledging that Plaintiffs "deserved" to receive the higher compensation being paid to the male co-worker, Defendants refused to correct Plaintiffs' salary, offering instead only to provide discounted parking and two days of comp time.

4. This lawsuit therefore seeks relief under the Federal Equal Pay Act (codified in the Federal Fair Labor Standards Act) and the Pennsylvania Equal Pay Act to remedy the Defendants' ongoing pay discrimination.

### *Parties*

5. Plaintiffs are adult citizens of Pennsylvania. Plaintiffs are employed in and by the County and/or the Court.

6. Defendant Allegheny County, Pennsylvania is a Pennsylvania government unit other than the Commonwealth government, and is therefore classified as a local agency within the meaning of 42 Pa. Cons. Stat. Ann. § 8501.

7. Defendant the Court of Common Pleas of Allegheny County is a Pennsylvania governmental entity and is part of Pennsylvania's Unified Judicial System.

8. Defendant Claire C. Capristo is the court administrator for the Court and is an employer within the meaning of the Federal Equal Pay Act and the Pennsylvania Equal Pay Act.

9. The County states, and the Court admits, that Plaintiffs are employees of the Court.

## Jurisdiction, Venue and Waiver of Immunity

10. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1337 because this action raises questions of federal law, including federal law regulating interstate commerce, and further has supplemental jurisdiction over the state-law claims asserted herein.

11. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) in that all Defendants are residents of the state in which this district is located, a substantial part of the events or omissions giving rise to the claim occurred in this district, and the causes of action set forth herein arose in this district.

12. Defendants have waived sovereign immunity and all other immunity that might otherwise apply to the claims herein, and are therefore unable to assert any such immunity as a defense. See 29 U.S.C. § 203(d) ("Employer … includes a public agency"); 29 U.S.C. § 203(e) ("employee" includes "any individual employed by a State, political subdivision of a State, or an interstate governmental agency"); 43 Pa. Stat. § 336.2 ("employee" includes "individuals employed by the Commonwealth or any of its political subdivisions, including public bodies"); Pennsylvania Attorney General Official Opinion No. 76-29, 1976 Pa. AG LEXIS 30; 1976 Op. Atty Gen. Pa. 92 (October 18, 1976).

## General Allegations

13. Plaintiffs are employed by Defendants in the Court of Common Pleas, Family Division, Adult Section.

14. The Court admits that it is Plaintiffs' employer.

15. In addition, the County is Plaintiffs' employer.

16. The County issues regular payroll checks to Plaintiffs, identifying itself as Plaintiffs' employer.

17. The County issues annual form W2 tax documents to Plaintiffs, identifying itself as Plaintiffs' employer.

18. The County maintains employment records regarding Plaintiffs.

19. The County evaluates, approves and exercises decision-making authority over details of Plaintiffs' employment, including the creation and elimination of employment positions and the salary paid for such positions.

20. The County sets conditions of employment, including compensation, benefits, and hours.

21. The County controls employee records, including payroll, insurance and tax records.

22. Dodasovich has been employed by the County and/or the Court since 1993. Her current title is Intergovernmental Manager.

23. McKelvey was employed by the County and/or the Court since before 1990 until her separation in 2014. Her last title was Case Management Manager.

24. At all relevant times, Plaintiffs were assigned significant job responsibilities by their employer and fully met those assigned responsibilities.

25. Beginning at least as early as 2005, Plaintiffs' job responsibilities became and thereafter remained equal to or greater than those assigned to a male co-worker who received compensation exceeding Plaintiffs' compensation by more than $7000 per year.

26. Plaintiffs have repeatedly attempted to address the salary discrimination. Despite acknowledging that Plaintiffs' job responsibilities are equal to or greater than those assigned to a male co-worker, and despite acknowledging that the male co-worker is paid a higher salary than Plaintiffs, Defendants have not corrected Plaintiffs' salary, but rather continue to discriminate against Plaintiffs.

27. In February 2010, Plaintiffs communicated with their administrator, Patrick Quinn, Esquire, to resolve the wage discrepancy between Plaintiffs and the male co-worker. By emails on February 11 and 17, 2010, Mr. Quinn stated that management were "looking into some things to move it forward" and commented that Plaintiffs' request for equal pay "is well deserved."

28. Despite Mr. Quinn's efforts, Defendants failed to resolve the pay disparity. After further follow-up communication from Plaintiffs, Mr. Quinn again addressed Plaintiffs' concerns by email dated September 15, 2010, noting, "I also expressed my support for Court Administration to do 'something' to address the shortcoming."

29. Again Defendants failed to correct the pay disparity, and therefore on August 29, 2012 Plaintiffs submitted a formal written request to Mr. Quinn to resolve the wage discrepancy between Plaintiffs and the male co-worker.

30. Defendants failed even to respond to the August 29, 2012 formal written request, and therefore, in a further effort to resolve the pay disparity, Plaintiffs resubmitted the request on January 9, 2013.

31. On February 8, 2013 Defendants rejected Plaintiffs' formal request and advised Plaintiffs that it/they would not correct the disparity in pay. Defendants instead offered

Plaintiffs discounted parking, sixteen hours of compensatory time and a warm "thank-you" for a job well done, leaving the salary differential intact. The offer of parking assistance, comp time and flattery fails entirely to address the past and continuing pay discrimination.

32. Defendants have discriminated against Plaintiffs in their pay continuously and without interruption at all times since at least 2005 and continue to do so. Such pay discrimination therefore constitutes a single continuing violation of the Federal Equal Pay Act and the Pennsylvania Equal Pay Act for statute of limitations purposes, and Plaintiffs are entitled to recover all damages incurred throughout such period.

### Count I — Action Pursuant to 29 U.S.C. § 216(b)

33. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

34. Section 6 of the Fair Labor Standards Act of 1938 (29 U.S.C. §§ 201 through 219) provides in relevant part as follows: "No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions. . . . For purposes of administration and enforcement, any amounts owing to any employee which have been withheld in violation of this subsection shall be deemed to be unpaid minimum wages or unpaid overtime compensation under this Act." 29 U.S.C. § 206(d)(1), (3).

35. Defendants are expressly bound by the Fair Labor Standards Act of 1938, which defines "employer" to include "a public agency" and defines "employee" to include "any individual employed by a State, political subdivision of a State, or an interstate governmental agency." 29 U.S.C. § 203(d), (e). See generally Pennsylvania Attorney General Official Opinion No. 76-29, 1976 Pa. AG LEXIS 30; 1976 Op. Atty Gen. Pa. 92 (October 18, 1976).

36. Plaintiffs perform equal work, requiring equal skill, effort and responsibility, under similar working conditions, as a male co-worker to whom Defendants pay higher wages than they pay to Plaintiffs.

37. Section 16 of the Fair Labor Standards Act of 1938 provides in relevant part as follows: "Damages; right of action; attorney's fees and costs; termination of right of action. Any employer who violates the provisions of section 6 or section 7 of this Act [29 USCS § 206 or 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 15(a)(3) of this Act [29 USCS § 215(a)(3)] shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 15(a)(3) [29 USCS § 215(a)(3)], including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing

to become such a party and such consent is filed in the court in which such action is brought. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

38. Defendants have acknowledged the pay disparity between Plaintiffs and a male co-worker performing equivalent work requiring equal skill, effort and responsibility, under similar working conditions. Defendants have refused to resolve the pay disparity, and have, instead, offered to give Plaintiffs parking stipends or paid time off, without correcting Plaintiffs' salary level.

39. Defendants have willfully and knowingly violated 29 U.S.C. § 206(d)(1) by refusing correct Plaintiffs' salary to match that of their higher-paid male co-worker.

40. Plaintiffs are entitled to recover all unpaid wages and benefits (measured as the difference between their salary and that paid to their male co-worker), plus an equal amount as liquidated damages, plus their attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs Andrea Dodasovich and Christine McKelvey respectfully request this Honorable Court to enter judgment in their favor and against all Defendants, jointly and severally, and to award damages in an amount to be determined at trial, plus an equal amount in liquidated damages, together with interest thereon, plus Plaintiffs' attorneys' fees and costs herein.

## Count II — Action Pursuant to 43 Pa. Stat. § 336.5

41. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

42. Section 3 of the Pennsylvania Equal Pay Law (43 Pa. Stat. §§ 336.1 through 336.10) provides in relevant part as follows: "No employer having employes subject to any provisions of this section shall discriminate, within any establishment in which such employes are employed, between employes on the basis of sex by paying wages to employes in such establishment at a rate less than the rate at which he pays wages to employes of the opposite sex in such establishment for equal work on jobs, the performance of which, requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 43 Pa. Stat. § 336.3.

43. Defendants are expressly bound by the Pennsylvania Equal Pay Law, which defines "employee" to include "individuals employed by the Commonwealth or any of its political subdivisions, including public bodies." 43 Pa. Stat. § 336.2. See generally Pennsylvania Attorney General Official Opinion No. 76-29, 1976 Pa. AG LEXIS 30; 1976 Op. Atty Gen. Pa. 92 (October 18, 1976).

44. Plaintiffs perform equal work, requiring equal skill, effort and responsibility, under similar working conditions, as a male co-worker to whom Defendants pay higher wages than they pay to Plaintiffs.

45. Section 5 of the Pennsylvania Equal Pay Law provides in relevant part as follows: "An employer who wilfully and knowingly violates the provisions of section 3 of this act shall be liable to the employe or employes affected in the amount of their unpaid wages and in addition, an equal amount as liquidated damages. Action to recover such wages and damages

may be maintained in any court of competent jurisdiction by any one or more employes for and in behalf of himself or themselves and other employes similarly situated. Any agreement between the employer and an employe to work for less than the wage to which such employe is entitled under this act shall be no defense to such action. The court in such action shall, in addition to any wages and damages, allow a reasonable attorney's fee and costs of the action to the plaintiff." 43 Pa. Stat. § 336.5.

46. Defendants have acknowledged the pay disparity between Plaintiffs and a male co-worker performing equivalent work requiring equal skill, effort and responsibility, under similar working conditions. Defendants have refused to resolve the pay disparity, and has, instead, offered to give Plaintiffs parking stipends or paid time off, without correcting Plaintiffs' salary level.

47. Defendants have willfully and knowingly violated 43 Pa. Stat. § 336.3 by refusing correct Plaintiffs' salary to match that of their higher-paid male co-worker.

48. Plaintiffs are entitled to recover all unpaid wages and benefits (measured as the difference between their salary and that paid to their male co-worker), plus an equal amount as liquidated damages, plus their attorneys' fees and costs, pursuant to 43 Pa. Stat. § 336.5.

WHEREFORE, Plaintiffs Andrea Dodasovich and Christine McKelvey respectfully request this Honorable Court to enter judgment in their favor and against all Defendants, jointly and severally, and to award damages in an amount to be determined at trial, plus an equal amount in liquidated damages, together with interest thereon, plus Plaintiffs' attorneys' fees and costs herein.

*PLAINTIFFS DEMAND TRIAL BY JURY.*

> Respectfully submitted,
> /s/ Scott M. Hare
> Scott M. Hare, Esquire
> Pa. I.D. No. 63818
>
> Lauren M. Engel, Esquire
> Pa. I.D. No. 310819
>
> 1806 Frick Building
> 437 Grant Street
> Pittsburgh, PA  15219
>
> Tel:    412-338-8632
>
> Counsel for Plaintiffs

Date:   August 14, 2014